IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 28, 2004

## STATE OF TENNESSEE v. DAVID LEE BELLAMY

**Appeal from the Criminal Court for Sullivan County**
**No. S47,546     R. Jerry Beck, Judge**

---

**No. E2003-02936-CCA-R3-CD - Filed August 31, 2004**

---

JAMES CURWOOD WITT, JR., J., concurring.

In my view, we must recognize the possibility that *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004), hampers a trial judge's authority to make the fact findings necessary to overcome the statutory presumption of favorable candidacy for alternative sentencing. *See* Tenn. Code Ann. §§ 40-35-102(6) (2003) (establishing presumption of favorable candidacy for alternative sentencing for certain mitigated or standard offenders convicted of felonies in Classes C through E), -103(1) (2003) (establishing factual bases which may support a sentence of confinement).

The defendant in the present case enjoyed the presumption of Code section 40-35-102(6), and it behooved the trial court, in imposing a sentence of confinement, to offset the presumption by finding any, or any combination, of the factual premises listed in section 40-35-103(1), such as, the need to protect society from an offender with a long history of criminal conduct or the ineffectiveness of prior non-confinement measures. *See id.* § 40-35-103(1)(A)(C) (2003). That factual determination is in addition to the facts explicitly or implicitly established by the defendant's guilty plea.

In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S Ct. 2348 (2000), the Supreme Court of the United States determined that the defendant's right to jury trial was violated when the judge imposed a sentence in excess of the maximum the judge could have imposed had he not made an additional findings of fact, not encompassed by the jury's verdict. *Id.* at 491-97, 120 S. Ct. at 2363-68. In *Blakely*, the High Court explained that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, ___ U.S. at ___, 124 S. Ct. at 2537 (emphasis in original). Thus, the maximum sentence the judge may order is not the maximum he or she may impose "after finding additional facts, but the maximum [the judge] may impose *without* any additional findings." *Id.* (emphasis in original).

Moreover, the High Court in *Blakely* did not speak in narrow terms that targeted merely the length of an accused's sentence; rather, it spoke in broad terms of the state's power to *punish*: "When a judge inflicts *punishment* that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the *punishment*,' . . . and the judge exceeds his proper authority." *Id.* (quoting 1 J. Bishop, Criminal Procedure, § 87, p. 55 (2d ed. 1872) (emphasis added).

Thus, *Blakely* seems to have impact on Tennessee's scheme of presuming favorable candidacy for alternative sentencing because whether to confine or not confine is, in a general sense, an issue of punishment. *See Schirro v. Summerlin*, ___ U.S. ___, ___, 124 S. Ct. 2519, 2523-26 (2004) (principles of *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002), upon which *Blakely* relies, do not apply "retroactively to cases already final on direct appeal").

That said, we know that the Sixth Amendment's prohibition of increasing punishment beyond the "statutory maximum" based upon an additional judge-made finding does not apply to "the fact of a prior conviction." *See Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362. In the present case, the defendant's record of prior convictions is substantial. Although the pertinent factual premise for overcoming the presumption of favorable candidacy for alternative sentencing addresses prior "history of criminal conduct," a standard that does not necessarily limit consideration to conduct that resulted in convictions, the defendant does have an extensive record of prior convictions. For that reason, I believe that the trial judge could have properly based his confinement order on the record of prior convictions, and even if *Blakely* does apply to Code section 40-35-102(6)'s presumption, the court's use of sentencing factors other than prior criminal convictions would be harmless beyond a reasonable doubt.

_____
JAMES CURWOOD WITT, JR., JUDGE